IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUPITA MONTALVAN, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-364 |
| | § | |
| LOPEZ NEGRETE | § | |
| COMMUNICATIONS, INC.. | § | |
| | § | |
| Defendant | § | JURY TRIAL DEMANDED |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1.      Lopez Negrete Communications, Inc. ("Defendant" or "Lopez Negrete") failed to pay overtime compensation to Lupita Montalvan ("Plaintiff" or "Montalvan") as required by the Fair Labor Standards Act (FLSA).  Instead, Defendant paid her an annual salary.  Plaintiff regularly worked in excess of forty hours per week with no overtime pay.  Accordingly, Plaintiff brings this action to recover unpaid overtime pay, as well as liquidated damages, attorneys' fees and costs.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction because Plaintiff's claims arise under federal law.

3.      Venue is proper because Defendant resides in this District and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District.

### THE PARTIES

4.      Plaintiff was employed by Defendant within the meaning of the FLSA, and was engaged in interstate commerce as defined by the FLSA.  Plaintiff regularly worked over forty hours per week, but was not paid overtime.

1

5. Defendant Lopez Negrete Communications, Inc. is the nation's largest independent, Hispanic owned and operated, full-service agency specializing in Hispanic marketing. Headquartered in Houston, it has offices in New York and Los Angeles.

6. Defendant employed Plaintiff and is, or is part of, an enterprise engaged in interstate commerce and is subject to the FLSA.

7. Defendant has gross annual revenues of $500,000 or more.

8. Defendant employs at least two individuals who handled, produced, sold or worked on goods or materials produced for commerce.

9. Defendant is a Texas corporation and may be served by delivering a copy of the complaint and citation to its registered agent, David S. Komiss II, 6750 West Loop South, Suite 120, Bellaire, Texas 77401.

### PLAINTIFF'S ALLEGATIONS

10. Defendant employed Montalvan as Executive Assistant to the company's CEO, Alex Lopez Negrete and the company's Managing Director, Julio Arrieta.

11. Montalvan was paid a flat salary of $40,000.00 per year when she worked for Arrieta and was given a raise to $50,000.00 per year when she worked for Negrete.

12. Montalvan's primary duty was to serve as personal assistant to either Negrete or Arrieta. She managed their personal and business calendars, travel and ran personal errands for them.

13. Montalvan's was not allowed by Lopez Negrete to exercise discretion or independent judgment in the performance of her primary duties.

14. Montalvan's primary duty was not directly related to the management or general business operations of Negrete.

15. Montalvan's duties did not involve the exercise of discretion and independent judgment with respect to matters of significance.

16. Montalvan's did not have authority to formulate, affect, interpret, or implement the management policies or operating practices of Lopez Negrete.

17. Montalvan was not responsible for carrying out major assignments in conducting Lopez Negrete's operations.

18. The work performed by Montalvan did not affect Lopez Negrete business operations to a substantial degree.

19. Montalvan did not have authority to commit Lopez Negrete in matters that had significant financial impact.

20. Montalvan did not have authority to waive or deviate from established Lopez Negrete policies and procedures without prior approval.

21. Montalvan did not have authority to negotiate or bind Lopez Negrete on significant matters.

22. Montalvan did not provide consultation or expert advice to management of Lopez Negrete.

23. Montalvan was not involved in planning Lopez Negrete business objectives, either short or long term.

24. Montalvan did not investigate or resolve matters of significance on behalf of Lopez Negrete management.

25. Montalvan did not represent Lopez Negrete in handling complaints, arbitrating disputes, or resolving grievances.

26. Plaintiff was hired December 3, 2013, and Defendant terminated Plaintiff on January 15, 2016.

27. Plaintiff regularly worked in excess of forty hours per week.

28. Plaintiff was paid an annual salary and was not paid overtime by Defendant.

29. Plaintiff's salary amounted to not less than $455 per week.

30. Defendant did not pay Plaintiff time-and-one-half of her regular rate of pay for the hours that Montalvan worked over 40 hours a week.

31. There are at least 4 other employees Plaintiff knows of who had the same duties and Plaintiff, were paid a salary and who regularly overtime but were not paid overtime.

32. Defendant knew or showed reckless disregard for whether its payroll practices violated the overtime provisions of the FLSA.

33. Plaintiff is entitled to overtime for the hours worked in excess of a 40-hour work week.

34. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay overtime compensation with respect to the Plaintiff.

### CAUSES OF ACTION

35. Plaintiff incorporates the allegations in the preceding paragraphs.

36. As set forth above, Defendant violated the FLSA by failing to pay Plaintiff for overtime worked. Accordingly, Plaintiff is entitled to recover her unpaid overtime wages.

37. Under the FLSA, Plaintiff is entitled to an amount equal to her unpaid overtime wages as liquidated damages, as well as reasonable attorney's fees and costs.

### JURY TRIAL

38. Plaintiff demands a jury trial.

**PRAYER**

WHEREFORE, Plaintiff Lupita Montalvan requests that this Court award her judgment against Defendant Lopez Negrete Communications, Inc. for:

1. her unpaid overtime pay;

2. an equal amount as liquidated damages;

3. reasonable attorneys' fees, costs, and expenses of this action;

4. post-judgment interest at the highest rate allowed by law; and

5. such other and further relief as may be allowed by law.

Respectfully submitted,

THE NECH LAW FIRM, P.C.

By:_____
Nichole M. Nech
Federal Bar No. 435541
Texas Bar No.: 24033816
800 Bering Drive, Suite 220
Houston, Texas 77056
Telephone: (713) 936-9496
Facsimile: (888) 557-7257

**ATTORNEYS FOR PLAINTIFF**